IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROSHONDA R. BROWN, | ¶ | |
| **Plaintiff** | ¶ | |
| | ¶ | |
| V. | ¶ | CIVIL ACTION 4:11cv1755 |
| BOARD OF TRUSTEES SEALY | ¶ | JUDGE KEITH ELLISON |
| INDEPENDENT SCHOOL DISTRICT, | ¶ | |
| *Et Al.*, | ¶ | |
| **Defendants** | ¶ | |
| | ¶ | |

**PLAINTIFF, ROSHONDA R. BROWN'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS WITH SUPPORTING MEMORANDUM OF POINTS AND
AUTHORITIES**

Roshonda R. Brown, Plaintiff in the above styled and numbered action, files this, her response in opposition to Defendants' Motion to dismiss her Claims.

**I.
PREFATORY STATEMENT**

In their Motion to Dismiss, Defendants, Trustees of the Sealy Independent School District ["SISD"] and SISD Superintendent Kana assert several bases for the dismissal of Plaintiff's claims alleged in her amended Complaint.

Those grounds for dismissal allege that Kana is not an "employer" as defined by Title VII of the 1964 Civil Rights Act, The Americans with Disabilities Act and the Texas Commission on Human Rights Act. These contentions are not contested by the Plaintiff. In her Amended complaint, Plaintiff does nonetheless assert claims against the Trustees, as the School District's governing body, under the provision of those remedial statutes [Americans with Disabilities Act, Title VII of the 1964 Civil Rights Act and The Texas Commission on Human Rights Act].

Plaintiff brings her suit against the District and, more particularly, the district's governing body, the Trustees, for the deprivation of her rights under those particular statutes.

Plaintiff asserts race discrimination claims against Kana, individually under 42 U.S.C. §§ 1981 & 1983. Additionally she asserts claims for retaliation under the Freedom of Speech clause of the First and the

Civil Action 4:11cv1755
Brown v. Trustees Sealy ISD, et al.
Plaintiff, Roshonda Brown's Response
to Motion to Dismiss Amended Complaint                                                                 Page 1

Equal Protection clause of the Fourteenth Amendment to the U.S. Constitution against Kana and the SISD Trustees.

## II.
## THE FACTS ASSERTED IN PLAINTIFF'S AMENDED COMPLAINT

Plaintiff's Amended Complaint alleges the following.

Plaintiff, Roshonda Brown is an adult African-American female citizen of the United States of America and the State of Texas who, with the exception of the time she spent obtaining her college degree and teaching credentials, was a lifelong resident of Sealy, Austin County, Texas .[Complaint[1] ¶ ¶ 7,14-18].

Plaintiff was an honors graduate of Sealy High school, and thereafter attended Prairie View A & M University where she .earned a Bachelor of Science Degree in Biology with a double minor in Chemistry and Mathematics in 1995. [*Id*. ¶¶ 17-18]. Following her graduation, Plaintiff earned a Teaching certification from the Texas Education Agency and, thereafter applied for and was employed as a High School teacher at her alma mater, Sealy High School. [*Id*.¶¶19-20]. From 1997 to 2004, Plaintiff taught Biology and Mathematics at Sealy High School. [*Id*. ¶22]. There, in addition to her teaching duties, Plaintiff was a sponsor for the Sealy High School Cheerleaders and performed bus driving duties. [*Id*. ¶21]. From 1997 to 2004, Plaintiff taught Biology and Mathematic on that campus. [*Id*.¶ 22]. In 2004, Plaintiff was transferred from teaching duties at Sealy High School to Physical Education instructional duties at Selman Elementary school [*Id*. ¶23]. From 2004 to 2010, Plaintiff performed those same physical education instructional teaching duties without incident or adverse action. [*Id*. ¶¶23-24] Additionally, Plaintiff performed head coaching duties for the cross country and track teams at Sealy High School from 2004 to 2010[*Id*. ¶25].

In the fourteen years preceding January of 2010, Plaintiff had no history of adverse personnel actions undertaken against her by any of her supervisors at Sealy ISD. During her tenure of employment, Plaintiff

---

[1] References to the "Complaint" as used above, are to Plaintiff's First Amended Complaint[ Docket No.27]

Civil Action 4:11cv1755
Brown v. Trustees Sealy ISD, et al.
Plaintiff, Roshonda Brown's Response
to Motion to Dismiss Amended Complaint                                                                 Page 2

was the recipient of positive and "meets or exceeds expectations'" in all categories of classroom walkthroughs and evaluations. [*Id*. ¶27]

Notwithstanding her lack of disciplinary history, plaintiff's fortunes changed beginning in December of 2009. [*Id*.¶¶28-31]

While attending a school function, on SISD property and facilities Plaintiff observed Defendant Kana, an assistant SISD superintendent in what she believed to be a state of intoxication. [*Id*.] At the time that the Plaintiff observed Kana in this state, Plaintiff became concerned about the example and appearance that a high level administrator would set for the faculty, employees and students of SISD. . [*Id*.] Thereafter, in late December of 2009, Plaintiff reported Kana's state of intoxication on school property at a school function to Pamela Morris, the Superintendent of SISD. . [*Id*.]

Shortly following the report of Kana's intoxication, Plaintiff's troubles began.

Beginning on January 14, 2010 became the object of serial frequent disciplinary actions. . [*Id*.¶37].

On January 14, 2010, Plaintiff was issued a written reprimand for the receipt of a municipal court citation accusing Plaintiff of class C theft under the Texas Penal Code. . [*Id*.¶37].

The reprimand asserted Plaintiff's failure to timely notify her immediate supervisor of the issuance of the class C misdemeanor citation to the Plaintiff. . [*Id*.¶38].

On January 19, 2010, Plaintiff was issued a second reprimand directing Plaintiff to refrain from any further acts of moral turpitude which would reflect adversely on Sealy ISD. . [*Id*.¶39].

On the respective dates of February 10 & 17, 2010, Plaintiff was the recipient of a reprimand or a counseling memorandum from her immediate supervisor directing her to be present at work on each working day and to utilize the procedures established for the taking of a personal or sick day and the procurement of a substitute teacher. [*Id*.¶40].

On February 26, 2010 Plaintiff was issued still another written reprimand for allegedly being absent from her teaching assignment for a 25 minute period and failing to fulfill her teaching duties. . [*Id*.¶40].

Civil Action 4:11cv1755
Brown v. Trustees Sealy ISD, et al.
Plaintiff, Roshonda Brown's Response
to Motion to Dismiss Amended Complaint                                                                                           Page 3

The February 26, 2011 Memorandum directed the Plaintiff to desist from further absences and to fulfill her teaching duties in a timely and responsible manner. . [*Id*.¶43].

On that same day, February 26, 2010, the Plaintiff received a written suspension with pay from her teaching duties. . [*Id*.¶44].The February 26, 2010 letter of suspension directed Plaintiff to report for work on March 1, 2010. . [*Id*.¶45]. When Plaintiff reported to work on March 2, 2010, she was issued another letter of suspension for the period of March 2 through and including March 5, 2010. . [*Id*.¶46]. The suspension based upon of the Plaintiff's receipt of a second municipal court citation accusing the Plaintiff of Class C theft and the necessity for the SISD's investigation of that incident. Plaintiff received this second citation for class C theft on March 1, 2011. . [*Id*.¶48].

On March 8, 2010, Plaintiff was issued another letter of suspension with pay by her immediate supervisor. . [*Id*.¶49]. The suspension was issued for the period commencing March 8, 2010 and ending on March 8, 2010. Defendant Trustees' reason for the period of suspension was the asserted necessity of further investigation of the incident giving rise to the March 1,2010 Class C theft citation issued to Plaintiff .[*Id*.¶51].

It was also in March of 2010 that the Plaintiff reported the pendency of the class c misdemeanor charges to her immediate supervisor and to a Trustee, Dale Lechler. . [*Id*.¶¶82-84]. Plaintiff also informed Lechler that she suffered from Attention Deficit Hyperactive Disorder and that her medications for that condition adversely affected her short term memory by making her forgetful and unable to concentrate. . [*Id*.].

Kana was appointed Interim Superintendent on March 23, 2010. . [*Id*].

Plaintiff asserts in her Complaint that at the time Lechler and the trustees voted to terminate her contract of employment, these, through Lechler, were apprised of Plaintiff's disability yet considered no lesser sanction than termination of the Plaintiff's two year teaching contract. . [*Id*.¶85].

Plaintiff further asserts in her complaint that in April of 2010, subsequent to Kana's proposed termination of the Plaintiff's employment, Plaintiff's prior counsel issued a press release and announced that plaintiff

Civil Action 4:11cv1755
Brown v. Trustees Sealy ISD, et al.
Plaintiff, Roshonda Brown's Response
to Motion to Dismiss Amended Complaint                                                                                    Page 4

had filed with The U.S, Equal Employment Opportunity commission, a charge of discrimination alleging unlawful disability and race discrimination against Kana and the Trustees. . [*Id*.¶¶105-107].

The plaintiff's institution of her administrative charge of discrimination was reported in the *Sealy News,* a newspaper of general circulation in Sealy Texas where the Trustees and Kana reside. [*Id.*]

Plaintiff received another letter of Suspension from her immediate supervisor on March 22, 2010 extending the period of suspension by one day. . [*Id*.¶52].

The asserted reasons for the extension of the Suspension given plaintiff were the second Municipal Court citation and the appointment of a new/interim superintendent. . [*Id*.¶52-53].The March 22, 2010 letter of suspension directed the Plaintiff to report to her immediate supervisor on March 24, 2010. [*Id.*]

 Kana became the Interim Superintendent of the SISD On March 23, 2010.

On March 29, 2010, Plaintiff was issued yet another written reprimand by her immediate supervisor. . [*Id*.¶54-59].

 This March 29, 2010 reprimand was cumulative of all the others that had occurred since January of that year. [Id].

The March 29, 2010 reprimand recited the Defendant Trustees version of the events transpiring between January 10, 2010 and March 1, 2010. . [Id].

The March 29, 2010 reprimand stated that Plaintiff had violated a previous directive by her having engaged in acts of "Moral Turpitude", reciting serial violations of the SISD Board policies, Code of Ethics and Standard Practices for Texas Educators. . [Id].

The March 29, 2010 reprimand again directed to abide by directives given her in prior reprimands from January, 2010 to March 1, 2010. . [Id].

As can be seen, Kana wasted no time in retaliating against the Plaintiff for her good faith report that he was intoxicated on School property at a school function that prior December. . [ *Id ¶60*]. Kana suspended the Plaintiff with pay on March 30, 2010 for his asserted reason that it was in the best interest of the SISD for him to do so. .[ *Id¶¶ 60-65*].Between March 30, 2010 and April 5, 2010, Kana recommended that the

Civil Action 4:11cv1755
Brown v. Trustees Sealy ISD, et al.
Plaintiff, Roshonda Brown's Response
to Motion to Dismiss Amended Complaint                                                                                                Page 5

Defendant Trustees undertake further adverse personnel actions against the Plaintiff. . [ *Id*].Acting upon these recommendations, the Trustees: 1) suspended the Plaintiff without pay on April 5, 2011 and 2) proposed the termination of her two year teaching contract. . [ *Id*]. Plaintiff appealed the recommendation to the Hearing examiner appointed by the Texas Education Agency (TEA).[ *Id.*¶¶ 60-66]. This independent hearing examiner, assigned to adduce evidence and make a recommendations to Defendant Trustees on the foregoing recommendations while finding sufficient cause to uphold both the suspension and the termination, noted Plaintiff's differential treatment when compared with the disciplinary actions meted out to other SISD employees with graver infractions than those of the Plaintiff. ). [ *Id* ]

The TEA examiner admonished the trustees to seriously consider reinstating Plaintiff or allowing her to teach. ). [ *Id.*]  Ignoring the recommendation the Trustees terminated the Plaintiff's teaching contract and employment with SISD on or about June 17, 2010. ). [ *Id.*].

In April of 2010, subsequent to Kana's proposed termination of the Plaintiff's employment, Plaintiff's prior counsel issued a press release and announced that plaintiff had filed with The U.S, Equal Employment Opportunity commission, a charge of discrimination alleging unlawful disability and race discrimination against Kana and the Trustees.[Id.¶105] The plaintiff's institution of her administrative charge of discrimination was reported in the *Sealy News,* a newspaper of general circulation in Sealy Texas where the Trustees and Kana reside. ).[ *Id.¶106*]

Plaintiff received two Municipal Court Summonses for Class C Misdemeanor theft, was never arrested and was never convicted of these offenses.[Id. ¶¶ 74-81]

Plaintiff also asserts that she was treated more harshly than her non-disabled and non-African American counterparts at SISD.[*Id*. ¶¶74-86].

Over the past five to ten year period, two non-disabled non-African American  employees of the district[2] who were accused of or actually committed criminal and sexual misconduct were allowed to remain in

---

[2] Plaintiff refrains from the naming of the comparators because of the Southern District's redaction policy for publicly filed pleadings.

Civil Action 4:11cv1755
Brown v. Trustees Sealy ISD, et al.
Plaintiff, Roshonda Brown's Response
to Motion to Dismiss Amended Complaint                                                                                 Page 6

their position of employment and/or quietly resign their position without the public stigma accompanying the Plaintiff's loss of her teaching position.[ *Id*.¶87]

Over the past five to ten year period, one non-disabled non-African American employee of the district was accused of the commission of two felonies-- -forgery and identity theft both involving integrity issues- and carrying jail time[ in contrast to a class C misdemeanor] and involving much larger amounts of money and/or property than those the plaintiff was asserted to have taken.[*Id*.¶¶88-89] Nonetheless this employee received no discipline during the pendency of the criminal case and the SISD's investigation of the allegations against him.[*Id.*]

In fact this employee is still employed by the District and its trustees.[*Id*.¶90] Over the past five to ten year period, another non-disabled non-African American employee was accused of misusing a credit card and obtaining between $500.-$1,500. .[*Id*.¶91] This employee was not disciplined in the same manner as the plaintiff and unlike the plaintiff, was accorded the opportunity to resign without the accompanying adverse publicity and stigma that accompanied the plaintiff's termination. .[*Id*.¶92]  On yet another occasion, the district and its Trustees, being fully apprised of the theft of a trailer, costing substantially more money than the merchandise Plaintiff was accused of stealing, hired the non-disabled individual who stole that property into a teaching position. .[*Id*.¶93]  Over the past five to ten year period, another non-disabled/non-African American employee was accused of inappropriate physical/sexual contact with students of the opposite sex. .[*Id*.¶94]  He was nonetheless retained by the district after only a three day suspension with pay. .[*Id*.¶95] That employee was thereafter transferred to another position with no attendant loss of pay or emoluments of employment suffered by the plaintiff. .[*Id*.¶96]

Plaintiff's complaint alleges all of the foregoing.

For the reasons detailed below, Defendants' Motion to dismiss the individual Reconstruction Era Civil Rights First Amendment retaliation and race discrimination claims against Kana and the SISD Governing Body and the ADAAA and Title VII  Race and retaliation Claims against The Trustees as the District's governing Board should be denied.

Civil Action 4:11cv1755
Brown v. Trustees Sealy ISD, et al.
Plaintiff, Roshonda Brown's Response
to Motion to Dismiss Amended Complaint                                                                                                    Page 7

### III.
### ARGUMENT AND AUTHORITY

#### A.
#### STANDARD FOR PLEADINGS CHALLENGED BY A MOTION TO DISMISS

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of [each] claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (1). The purpose of Rule 8 is to require parties to state their claims with sufficient clarity "to give the defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 12(b)(6) permits a party against whom a claim is brought to move to dismiss the pleading for failure to state a claim upon which relief can be granted. A dismissal for failure to state a claim upon which relief can be granted is a disfavored means of disposing of a case. See *Shipp v. McMahon,* 199 F.3d 256, 260 (5th Cir.2000) (*quoting Kaiser Aluminum & Chem. Sales v. Avondale Shipyards,* 677 F.2d 1045, 1050 (5th Cir.1982)). Hence, in order to survive a motion to dismiss, a complaint must contain allegations which, if accepted as true, would allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. See *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

To ascertain whether a complaint states a claim, this court must construe the complaint liberally in the plaintiff's favor and accept all factual allegations in the complaint as true. See *Shipp,* 199 F.3d at 260 (citing *Campbell v. Wells Fargo Bank,* 781 F.2d 440, 442 (5th Cir.1986)).

For the reasons articulated below, Defendants motion to Dismiss should be denied

#### B.
#### DEFENDANTS' AND ARGUMENT THAT PLAINTIFF FAILS TO STATE A SECTION 1983 CLAIM AGAINST THE SCHOOL DISTRICT AND THE TRUSTEES IS WITHOURT MERIT.

Civil Action 4:11cv1755
Brown v. Trustees Sealy ISD, et al.
Plaintiff, Roshonda Brown's Response
to Motion to Dismiss Amended Complaint          Page 8

In their Motion to Dismiss, Defendants advance the arguments that Plaintiff has not stated a claim against the district and the trustees because there is a dearth of facts to show a widespread custom or policy of the district-terming plaintiff's termination to be an isolated incident of conduct. *See,* M to Dismiss[ Docket No. 10] at p. 5.

Defendants misrepresent both the standard for pleading a section 1983 claim against a local governmental entity and the basis for the school district's and its governing body's liability under the present day codification of the Civil Rights Act of 1871.

The U.S. Supreme Court clearly abrogated the doctrine and the standard of heightened pleadings when asserting a Section 1983 claim against a municipality or similar local governmental entity in. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163 (1993).

Generally, there are two bases for the imposition of §1983 liability upon a local governmental entity such as the school district and its governing body here. *Webster v. City of Houston*, 735 F.2d 838 (5th Cir. 1984) (*en banc*). The first basis consists of alleging the commission of constitutionally or statutorily infirm conduct by the policymaking official himself or herself; the second consists of alleging the commission of a repeated series of constitutionally or statutorily infirm actions by non-policymaking officials which place the policymaking official on notice that of the existence of a local governmental custom. *Id.* at 841.

The Fifth Circuit articulates the standard thus:

> A municipality is liable under § 1983 for a deprivation of rights protected by the Constitution or federal laws that is inflicted pursuant to official policy.
> Official policy is:
> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

Civil Action 4:11cv1755
Brown v. Trustees Sealy ISD, et al.
Plaintiff, Roshonda Brown's Response
to Motion to Dismiss Amended Complaint                                                                                           Page 9

> Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

*Id.*

Notwithstanding Defendants' arguments to the contrary, Plaintiff's constitutional and statutory disparate treatment and free speech claim are predicated upon the actions of the Sealy ISD's governing body in suspending her and terminating her contract. Thus, this court's first task in assessing the viability of plaintiff's section 1983 claims:

> "'is to identify those officials or governmental bodies who speak with final policymaking authority for the local governmental actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue.'"[citation omitted].

*Gelin v. Hous. Auth. of New Orleans*, 456 F.3d 525, 527 (5th Cir. 2006) (quoting *McMillian v. Monroe Cnty.*, 520 U.S. 781, 784-85,(1997) (citation omitted)). The identification of officials who act as policymakers is a question of state law. *Id*.

The jurisprudence of this Circuit holds, as a matter of state law that trustees of a Texas Independent School District. are the final policymakers in the determination of cause for the termination of the teaching contract of an aggrieved party.

The court states:

> Texas law assigns to the school board, as the governing body of the school district, exclusive policy making authority with regard to employment decisions. The state law is clear that the school board, alone, may terminate a term contract and discharge an employee upon a finding of good cause. Only the school board can determine whether such cause exists and whether an employee should be discharged as a result.

*Coggin v. Longview I.S.D.*,337 F.3d 459,464 & N.27(5th Cir. 2003)(en banc),*cert. denied,* 540 U.S. 1018(2003).(" Tex. Educ. Code Ann. § 21.211(a)(1) ("The board of trustees may terminate term contract and discharge a teacher at any time for . . . good cause as determined by the board . . . .")).

Thus,

Civil Action 4:11cv1755
Brown v. Trustees Sealy ISD, et al.
Plaintiff, Roshonda Brown's Response
to Motion to Dismiss Amended Complaint                                                                                                Page 10

> When a municipality's final policy and decision maker in a single action directly and intentionally deprives a person of a federal constitutional right, however, the person need not show that a policy or custom caused his injury in order to recover. In such as case, the municipality's action is deemed to be the direct cause or moving force behind the deprivation of right and injury.

*Coggin v. Longview ISD,* 289 F.3d 326, 333(5th Cir. 2002), *aff'd on rehearing en banc,* 337 F.3d 459(5th Cir)(en banc),*cert. denied,* 540 U.S. 1018(2003).

Here, Plaintiff has properly asserted the trustees to be the governing body of the school district acting under color of law and wrongful and the constitutionally and statutorily impermissible termination of her teaching position thus stating a § 1983 claim against them and the district.

### C.
### DEFENDANT KANA IS NOT IMMUNE FROM PLAINTIFF'S RECONSTRUCTION ERA CIVIL RIGHTS CLAIMS FOR VIOLATION OF HER RIGHT TO FREE SPEECH, RACIALLY DISPARATE TREATMENT AND RETALIATION.

#### 1.
#### QUALIFIED IMMUNITY

Defendants claim in their pre answer Motion that Kana is qualifiedly immune from Plaintiff's claims against him. They base their claim upon Kana's qualified immunity and Plaintiff's alleged failure to allege the facts necessary to overcome the presumption of that Affirmative Defense. *See* Defendants' Motion to Dismiss at pp7-8 [Docket Entry 10].

No extensive argument is necessary.

"To determine whether an official is entitled to qualified immunity, the court asks (1) whether the plaintiff has alleged a violation of a constitutional right, and (2) whether the defendant's conduct was objectively reasonable in light of the clearly established law at the time of the incident." [6]

*Charles v. Grief,* 522 F.3d 508 (5th Cir. 2008) (*Quoting, Connelly v. Tex. Dep't of Criminal Justice,* 484 F.3d 343, 346 (5th Cir. 2007)).

Civil Action 4:11cv1755
Brown v. Trustees Sealy ISD, et al.
Plaintiff, Roshonda Brown's Response
to Motion to Dismiss Amended Complaint                                                                 Page 11

A state actor's termination of a public employee's employment, for engaging in protected speech is objectively unreasonable. *Charles*, 522 F.3d at 511.

> Public employees do not surrender all their free speech rights by reason of their employment. Rather, the First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen on matters of public concern."[citation omitted] "A public employee's speech is protected by the First Amendment when the interests of the worker 'as a citizen commenting upon matters of public concern' outweigh the interests of the state 'as an employer, in promoting the efficiency of the services it performs through its employees.'"[citation omitted].

*Id. (quoting, Williams v. Dallas Indep. Sch. Dist.*, 480 F.3d 689, 692-94 (5th Cir. 2007)

> The Plaintiff must satisfy four elements to recover for a first amendment retaliation claim.  First, the Plaintiff must suffer and adverse employment decision…. (citation omitted).  Second, the Plaintiff's speech must involve a matter of public concern…. (citation omitted), Third, the Plaintiff's interest in commenting on matters of public concern must outweigh the Defendants' interest in promoting efficiency…. (citation omitted).  Fourth, the Plaintiff's speech must have motivated the Defendants' action.

*Harris v. Victoria I.S.D.,* 168 F. 3d 216, 220 (5th Cir. 1999) citing, *Connick v. Myers,* 461 U.S. 138, 103 S. Ct. 1684, 75 L. Ed. 2d 708 (1983*); Mt Healthy City School Dist. v. Doyle,* 429 U.S. 274, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1977); *Pickering v. Bd. of Education,* 391 U.S. 563, 88 S. Ct. 731, 20 L. Ed. 2d 811 (1968); *Keyshahan v. Bd. Of Regents,* 385 U.S. 589, 87 S. Ct. 675, 17 L. Ed. 2d 629 (1967); *Thompson v. City of Starkville,* 901 F. 2d 456 (5th Cir. 1990).  See also *Kennedy v. Tangipahoa Parish Library Board,* 224 F.3d 359, 366(5th Cir. 2000).

In the present case Plaintiff has asserted particular facts showing compliance with these elements. Plaintiff alleged an adverse action, consisting of her termination and Kana's personal participation in the recommendation that her teaching contract be terminated after his elevation to the position of Superintendent, her background of no disciplinary action antecedent to her report of Kana's alleged intoxication on School premises during a school function while he was assistant superintendent and the temporal nexus between the spate of discipline that began in a matter of weeks following her report of

Civil Action 4:11cv1755
Brown v. Trustees Sealy ISD, et al.
Plaintiff, Roshonda Brown's Response
to Motion to Dismiss Amended Complaint                                                                                                              Page 12

Kana's intoxication and culminated with her firing upon Kana's recommendation. She further alleged that others who had not exercised the right of free speech were disciplined in a less severe manner.

Plaintiff has also asserted claims of disparate discipline under the Fourteenth amendment, and Sections 1981 and 1983.

To succeed on a claim of intentional discrimination under Title VII, *Section 1983*, or *Section 1981*, a plaintiff must first prove a *prima facie* case of discrimination. <u>Wallace v. Texas Tech Univ.,</u> 80 F.3d 1042, 1047 (5th Cir. 1996). A plaintiff can also assert direct evidence of the discriminatory animus necessary to prove racial discrimination under those statutes and provisions through proof of disparate discipline. <u>Id.</u>  Disparate discipline is shown:

> When a supervisor of one race treats employees of the same race more favorably than similarly situated employees of another race under circumstances that are essentially identical, a presumption of discriminatory intent is raised. This presumption arises because we assume that an employer acts on the basis of some underlying reason, either legitimate or not. Consequently, if there is no apparently legitimate reason for a white supervisor's alleged disparate treatment of a black employee, it is more likely than not that the supervisor based the decision on an impermissible consideration such as race.

<u>Barnes v. Yellow Freight Sys,</u> 778 F.2d 1096, 1101 (5th Cir. 1985). Plaintiff has cited several instances of the disparate treatment she claims through allegations of the commission of more severe conduct by non-African American employees with greater infractions than hers. She has done so in a factually particular manner containing the clarity necessary to place the Defendants on notice of her theories of recovery, the elements of her constitutional and reconstruction era civil rights claims.

## **PRAYER**

For all of the foregoing reasons, Defendants Motion to dismiss should be denied.

Civil Action 4:11cv1755
Brown v. Trustees Sealy ISD, et al.
Plaintiff, Roshonda Brown's Response
to Motion to Dismiss Amended Complaint                                                                                                         Page 13

        Respectfully submitted,

        /s/
        MURRAY E. MALAKOFF
        Federal Admission ID 5762
        Texas Bar No. 12853700
        4314 North Central Expressway
        Dallas, Texas  75206
        (214) 741-6711 – Telephone
        (214) 826-5900 – Facsimile
        Attorney in Charge for Plaintiff

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the 20th day of December, 2011, the foregoing instrument was served upon opposing Counsel by the electronic filing of same in U.S. District for the Southern District of Texas ECM/ECF system causing same to be simultaneously transmitted to opposing Counsel, Andrew David Clark, Esq., Powell And Leon LLP ,1706 West Sixth Street, Austin, TX 78703 email: aclark@powell-leon.com.

        /S/
        Murray E. Malakoff

Civil Action 4:11cv1755
Brown v. Trustees Sealy ISD, et al.
Plaintiff, Roshonda Brown's Response
to Motion to Dismiss Amended Complaint   Page 14

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROSHONDA R. BROWN, ¶ | |
| Plaintiff ¶ | |
| ¶ | |
| V. ¶ | CIVIL ACTION 4:11cv1755 |
| BOARD OF TRUSTEES SEALY ¶ | JUDGE KEITH ELLISON |
| INDEPENDENT SCHOOL DISTRICT, ¶ | |
| *Et Al.*, ¶ | |
| Defendants ¶ | |
| ¶ | |

### **ORDER**

Defendants' Motion to Dismiss is DENIED.

Signed and done in Houston Texas this –day of _____201_.

_____
KEITH P. ELLISON
United States District Judge

Civil Action 4:11cv1755
Brown v. Trustees Sealy ISD, et al.
Plaintiff, Roshonda Brown's Response
to Motion to Dismiss Amended Complaint                                                                            Page 15