UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROSHONDA R. BROWN, | § | |
| | § | |
|      **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 11-cv-1755 |
| | § | |
| BOARD OF TRUSTEES SEALY | § | |
| INDEPENDENT SCHOOL DISTRICT, | § | |
| et al., | § | |
| | § | |
|      **Defendants.** | § | |

<u>MEMORANDUM AND ORDER</u>

Pending before the Court is Plaintiff Roshonda R. Brown's Opposed Motion for Reconsideration of Dismissal of Claims and for Leave to File Second Amended Complaint and Supporting Memorandum of Points and Authorities (Doc. No. 39).   After considering the motion, the response thereto, and the applicable law, the Court finds that Plaintiff's motion must be **DENIED**.

## I.  BACKGROUND

Roshonda Brown ("Plaintiff" or "Brown")), an African American woman, worked as a teacher in the Sealy Independent School District ("Sealy ISD") until the Sealy ISD Board of Trustees ("Board") terminated her employment contract in April 2010.  (Complaint ("Compl."), Doc. No. 25, ¶¶ 26, 63.)  Plaintiff brings this action against the Board and Superintendent Scott Kana ("Kana") (collectively, "Defendants").  Plaintiff claims that the decision to terminate her employment was made in retaliation after Plaintiff reported to Sealy ISD authorities what she believed to be Kana's public intoxication at a school function in December 2009.  (*Id.* ¶ 28−31.) Defendants contend that the decision to terminate Plaintiff was lawfully taken after Plaintiff

1

received multiple Class C citations for theft in early 2010 and violated a series of reprimands and suspensions leading up to her termination.  (*Id.* ¶¶ 40−75.)

Acting *pro se*, Plaintiff filed her initial complaint on May 6, 2011.  (Doc. No. 1.)  After obtaining counsel, Brown filed an amended complaint on November 8, 2011.  (Doc. No. 27.)  In her complaint, Plaintiff asserted claims under 42 U.S.C. §§ 1981 and 1983, including both free speech and equal protection violations, Title VII of the Civil Rights Act, the Americans with Disabilities Act ("ADA"), and the Texas Commission on Human Rights Act ("TCHRA"). Defendants filed a motion to dismiss on November 21, 2011.  (Doc. No. 30.)  In an Order dated May 9, 2012 ("May 9 Order"), this Court partially granted Defendants' motion to dismiss. (Order, Doc. No. 38.)  Specifically, the Court dismissed Plaintiff's ADA claim and all claims brought pursuant to §§ 1981 and 1983.  The Court allowed Plaintiff to proceed on her Title VII and parallel TCHRA claim.[1,2]  Plaintiff now asks this Court to reconsider its May 9 Order and reinstate Plaintiff's First and Fourteenth Amendment claims.

## II.  LEGAL STANDARD

### A.  Motion for Reconsideration

Rule 59(e) provides that a motion to alter or amend a judgment must be filed no later than twenty-eight days following the entry of judgment.  FED. R. CIV. P. 59(e).  Depending on the timing of the motion, the Fifth Circuit treats a motion for reconsideration as either a motion to alter or amend under Rule 59(e), or a motion for relief from judgment under Rule 60(b).  *United States v. Turner*, No. CA-11-928, 2011 WL 2836752, at *1 (E.D. La. July 15, 2011) (citing

---

[1] Because a Title VII claim cannot be maintained against an employee in his or her individual capacity, this Court's May 9 Order resulted in the dismissal of all claims against Defendant Kana and left Plaintiff to proceed on her Title VII and TCHRA claims against the Sealy ISD Board only.
[2] Defendants have filed a motion for summary judgment (Doc. No. 43), urging this Court to grant summary judgment with respect to Plaintiff's remaining Title VII and TCHRA claims.  As the parties have not yet completed briefing on the summary judgment issue, the Court does not reach it at this time.

*Lavespere v. Niagara Mach. & Tools Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)).  If the motion is filed within twenty-eight days of the judgment, then the motion constitutes a motion to alter or amend under Rule 59(e).  *Id.*; FED. R. CIV. P. 59(e).  A motion filed more than twenty-eight days after the judgment, but not more than one year after the entry of judgment, is governed by Rule 60(b).  FED. R. CIV. P. 60(b).

Defendants' motion to dismiss was only partially granted, and thus final judgment was never entered in this case. The instant motion is therefore analyzed under Rule 59(e).  A district court has considerable discretion to grant or deny a motion under Rule 59(e).  *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).  A court's reconsideration of an earlier order is an extraordinary remedy and should be granted sparingly.  *Fields v. Pool Offshore, Inc.*, No. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998), *aff'd*, 182 F.3d 353 (5th cir. 1999), *see also Rottmund v. Cont'l Assur. Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa. 1992) (although federal district courts have inherent power over interlocutory orders and may modify, vacate, or set aside these orders when the interests of justice require, "[b]ecause of the interest in finality ... courts should grant motions for reconsideration sparingly").

To succeed on a Rule 59(e) motion, a party must clearly establish at least one of the following factors: (1) an intervening change in the controlling law, (2) the availability of new evidence, or (3) a manifest error of law or fact.  *Fields*, 1998 WL 43217, at *2; *see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).  As the Fifth Circuit has explained, "Rule 59(e) does not set forth any specific grounds for relief."  *Lavespere*, 910 F.2d at 174.  Although a district court has "considerable discretion in deciding whether to reopen a case" under Rule 59(e), "[t]hat discretion, of course, is not limitless." *Id.*  However, the Fifth Circuit has emphasized that a Rule

3

59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478−9 (5th Cir. 2004).

### B. Leave to Amend

A party may amend its pleadings once as a matter of course. FED. R. CIV. P. 15(a)(1). Thereafter, a party may amend its pleadings "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Factors for the court to consider in determining whether there is a substantial reason to deny a motion for leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir.1993). In the absence of any of these reasons, leave should be "freely given." *Foman v. Davis*, 371 U.S. 178, 181 (1962). "leave to amend, however, is by no means automatic." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992), *rev'd on other grounds*, 37 F.3d 1069 (5th Cir. 1994).

The court should deny leave to amend if it determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face ...." 6 Charles A. Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Proc. § 1487 (2d ed.1990). A court may also deny leave to amend if amendment of the complaint would be futile. *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003); *see also Landavazo v. Toro Co.*, No. 08-50227, 301 Fed. Appx. 333, 337 (5th Cir. Dec. 5, 2008) (fix cite) (unpublished). The Fifth Circuit has interpreted "futility" in the context of Rule 15 to mean that "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000); *see also Landavazo*, 301 Fed. Appx. At 337 (affirming denial of leave to

4

amend after determining that "[a] review of the amended complaint leaves the reader speculating as to what conduct, even if take as true, occurred that would give rise to a right to relief").

While Rule 15(a) does not establish a time limit for filing a motion for leave to amend, " 'at some point, time delay on the part of a plaintiff can be procedurally fatal." *Smith v. EMC Corp.*, 393 F.3d at 595, quoting *Whitaker v. City of Houston*, 963 F.2d 831, 836 (5th Cir.1992), in turn quoting Gregory v. Mitchell, 634 F.2d 199, 203 (5th Cir.1981). If there is substantial delay, the plaintiff bears the burden of demonstrating that it was due to oversight, inadvertence or excusable neglect.  *Id.*, citing Gregory, 634 F.2d at 203.

## III. ANALYSIS

### A.  Motion for Reconsideration

In its May 9 Order, the Court found that Plaintiff failed to state a First Amendment claim because the Complaint failed to point to any protected speech by Brown, *i.e.*, any speech that involved a matter of public concern, and failed to demonstrate a nexus between Brown's termination and her speech.  With respect to Plaintiff's Fourteenth Amendment claim, the Court found that Plaintiff adequately alleged that she was treated differently from non-African American employees, but found that Plaintiff could not proceed under §§ 1981 and 1983 because she failed to identify a discriminatory decision made by an official policymaker or any unconstitutional action taken pursuant to an official policy or custom.  According to Plaintiff, the Court applied an "erroneous heightened pleading standard" in analyzing the viability of Plaintiff's First Amendment claim.  (Doc. No. 39, at 4−6.)  Further, Plaintiff contends that the Court employed too "rigorous [a] fact specific standard" in concluding that Plaintiff's Fourteenth Amendment claim could not proceed under § 1983.

With respect to Plaintiff's First Amendment claim, Plaintiff's motion for reconsideration

does nothing more than reassert Plaintiff's claim that her speech—specifically, her report of what she believed to be Kana's state of intoxication on school property—was of the type protected under the First Amendment.  In the May 9 Order, this Court concluded that Brown's report of Kana's intoxication was not the type of "speech reporting official misconduct, wrongdoing, or malfeasance on the part of public officials" that is considered a matter of public concern under Fifth Circuit precedent.  The Complaint's vague contention that Kana's conduct violated an unspecified portion of the Texas Penal Code was too conclusory to elevate the speech to a matter of public concern.  (Compl. ¶ 33.)  Further, the Complaint failed to allege that the illegality was what motivated Brown; instead, the Complaint suggested that Brown was motivated by her concern "about the example and appearance" that Kana set.  (*Id.* ¶ 29.)  In addition, the Court concluded that Plaintiff failed to demonstrate a nexus between her termination and her speech; Plaintiff's motion for reconsideration points to no error of law or fact that undermines that conclusion.

In addition, this Court applied well-established Fifth Circuit precedent in dismissing Plaintiff's Fourteenth Amendment claim.  In the May 9 Order, the Court concluded that Plaintiff failed to point to any policy or custom motivating the Board's decision to terminate Brown's employment contract.  In her motion for reconsideration, Plaintiff acknowledges that the Court was correct in examining whether an official policy or custom played a role in the decision, but argues that the Court should also have considered whether Defendants' "singular action in terminating the Plaintiff's employment constituted S[ealy ]ISD 'policy.'"  (Doc. No. 39, at 20.)  Plaintiff's motion for reconsideration misses the most important point.  Because the Complaint is devoid of any allegation suggesting that the Board's action was motivated by retaliatory or discriminatory intent, the act of terminating Brown cannot serve as the basis of her § 1983 claim.

Plaintiff now argues that, even if the Board lacked knowledge of Kana's motive—as the Court concluded—the Court should nonetheless have considered §§ 1981 and 1983 liability under a "Cat's paw" theory.  (Doc. No. 39, at 23.)  Because the Complaint asserted no facts supporting such a theory, there was no cause for the Court to consider it.

Plaintiff does not demonstrate manifest error of law or fact, or introduce newly discovered evidence.  While Plaintiff may disagree with the Court's analysis of the facts, she provides no basis for reconsideration of the Court's May 9 Order partially granting Defendants' motion to dismiss.

**B. Motion for Leave to Amend Complaint**

Factors for the court to consider in determining whether there is a substantial reason to deny a motion for leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).  The Court believes that leave to amend should be denied.  The Rule 15(a) factors do not favor granting leave to amend, as an amended complaint would be futile given that the supplemental facts Plaintiff proposes to include are insufficient to remedy the deficiencies in Plaintiff's §§ 1981 and 1983 claims.

With respect to the First Amendment claim, the proposed second amended complaint alleges that Kana's supposed intoxication at a Sealy ISD function was in violation of the Texas penal code.  (Doc. No. 39. Exhibit 3, at ¶ 33.)  That allegation and the additional allegation that Kana "had a dependence on alcohol and had appeared both at school functions and had attended work in an intoxicated state" are conclusory.  (*Id.*, Exhibit 3, ¶ 35.)  Similarly, none of the additional allegations Plaintiff seeks to add to her complaint suggest that Kana's intoxication was

a motivating factor in the Board's decision to terminate her employment.  To the contrary, the second amended complaint retains all the factual allegations demonstrating that the Board's decision was predicated on Plaintiff's theft citations.  (*Id.*, Exhibit 3, ¶¶ 73−89.)

Plaintiff also seeks to add a "Cat's paw" theory of liability in the proposed second amended complaint in order to hold the Board liable for Kana's alleged retaliatory animus.  To support a "cat's paw" theory of liability, the Fifth Circuit requires a plaintiff to allege facts to demonstrate: (1) that a co-worker exhibited retaliatory animus, and (2) that the same co-worker "possessed leverage, or exerted influence, over the titular decisionmaker."  *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 653 (5th Cir. 2004) (internal citation and quotation marks omitted).  Plaintiff seeks to add this theory without adding additional factual allegations to support it; Plaintiff's proposed second amended complaint contains only conclusory allegations claiming that Kana exerted influence over the Board.  The proposed additional theory of liability would be insufficient to bolster Plaintiff's § 1983 claim; therefore, amendment to allow the inclusion of the additional theory would be futile.

Plaintiff has already amended her complaint once.  Because the Court believes that the defects in Plaintiff's §§ 1981 and 1983 claims are incurable, the Court concludes that the request to file a second amended complaint should be denied.  See *U.S. ex rel. Coppock v. Northrop Grumman Corp.*, No. Civ. A. 398CV2143D, 2002 WL 1796979, at *15 n. 29 (N.D. Tex. Aug. 1, 2002) (Fitzwater, J.) (noting that "this and other courts typically give a plaintiff at least one opportunity to cure pleading defects that the court has identified before dismissing the case, unless it is clear that the defect is incurable").  The Court's decision to deny amendment is also informed by the fact that this case has been pending for over a year and the trial date is rapidly

approaching.[3]  Trial has already been pushed back once at Plaintiff's request.  (Doc. No. 36.) Further delay would amount to undue delay and would prejudice Defendants.

### IV. CONCLUSION

For the reasons explained above, Plaintiff's Opposed Motion for Reconsideration and for Leave to File Second Amended Complaint and Supporting Memorandum (Doc. No. 39) is **DENIED** with prejudice.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 27th day of July, 2012.


**KEITH P. ELLISON**
**US DISTRICT COURT JUDGE**

---

[3] Trial is currently set for October 9, 2012.